UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

-FILED-

OCT 25 2016

ROBERT ___ ___ CH, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Cause No. 2:16 CR 150 |
| ) | |
| MARLONN HICKS ) | |

**SEALED**

## PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, come now the United States of America, by Assistant United States Attorney Joshua P. Kolar, and Trial Attorney Adam L. Small, the defendant Marlonn Hicks and his attorney, Roxanne Mendez Johnson, and show the Court they have entered into a plea agreement as follows:

1. I, Marlonn Hicks, have the ability to read, write and speak the English language.

2. I have received a copy of the Information and have read and discussed it with my lawyer, and believe and feel that I understand every accusation made against me in this case.

3. I have told my lawyer the facts and surrounding circumstances as known to me concerning the matters mentioned in the Information and believe and feel that my lawyer is fully informed as to all such matters. My lawyer has counseled and advised me as to the nature and elements of every accusation against me and as to any possible defenses I might have.

1

4. I understand that I am entitled to have all of my rights which may be involved in this matter explained to me, and that I have the right to have any questions I may have answered for me.

5. I understand by pleading guilty I waive certain rights. The rights described below have been explained to me, as well as the consequences of my waiver of these rights:

   a. If I persisted in a plea of not guilty to the charges against me, I would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury. I have the right to a jury trial. However, I may waive a jury trial in writing with the approval of the Court and the consent of the government.

   b. If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Myself and my attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that a defendant is presumed innocent, and that it could not convict unless, after hearing all the evidence, it was persuaded of my guilt beyond a reasonable doubt, and that it was to consider each count of the Information separately.

   c. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded of my guilt beyond a reasonable doubt.

   d. At a trial whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against me. I would be able to confront those government witnesses and my attorney would be able to cross-examine them. In turn, I could present witnesses and other evidence in my own behalf. If the

    witnesses for me would not appear voluntarily, I could require their attendance through the subpoena power of the Court.

e. At a trial, I would have a privilege against self-incrimination so that I could decline to testify, and no inference of guilt could be drawn from my refusal to testify. If I desired to do so, I could testify in my own behalf.

f. At trial and at every stage of the proceedings, I have a right to an attorney, and if I could not afford an attorney one would be appointed for me.

g. In the event that I should be found guilty of the charges against me, I would have the right to appeal my conviction on such charges to a higher court.

6. I understand that under the U.S. Sentencing Guidelines, the Court, in light of an investigation by the United States Probation Office, will determine the applicable sentencing guideline range, and that the Court will determine all matters, whether factual or legal, relevant to the application of the U.S. Sentencing Guidelines. I understand that the U.S. Sentencing Guidelines are advisory only, and that the specific sentence to be imposed upon me will be determined by the judge after a consideration of a pre-sentence investigation report, input from counsel for myself and the government, federal sentencing statutes, and the U.S. Sentencing Guidelines.

7. Notwithstanding the above, I have, with the assistance of counsel, entered into an agreement with the United States Attorney's Office

as follows:

    a. I will plead guilty to Count 1 of the Information charging me with knowingly distributing information pertaining to, in whole or in part, the manufacture and use of an explosive or destructive device, with the intent that the information be used for, or in furtherance of, an activity that constitutes a federal crime of violence in violation of Title 18, United States Code, Section 842(p), because I am in fact guilty of this offense.

    I understand the maximum possible penalties that may be imposed upon me for Count 1 are listed below:

| Prison | Fine | Supervised Release |
|---|---|---|
| 20 years | $1,000,000 | 3 years |

    I further understand that a special assessment of $100 will be imposed on each count of conviction in addition to any other penalty imposed and the $100 special assessment is due and payable prior to my sentencing hearing.

    b. The United States Attorney and I have also entered into the following agreements which are not binding upon the Court, and I understand that if the Court does not follow these agreements I will not be allowed to withdraw my guilty plea:

        i. The United States Attorney and I agree that in recognition of my acceptance of responsibility for my offense conduct, I am entitled to the a two-level reduction in offense level. The United States of America and I further agree that I have assisted authorities in the investigation or prosecution of my own misconduct by timely notifying the United States Attorney's Office of my intention to plead guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently, and we agree that if my offense level is 16 or greater, the government will move at sentencing for me to receive an additional one-level reduction in offense level. However, the government's

>   obligation to recommend acceptance of responsibility under this plea agreement is contingent upon my continuing manifestation of acceptance of responsibility; should I deny my involvement, give conflicting statements of my involvement, or engage in additional criminal conduct including any personal use of controlled substances, the government shall not be bound to recommend any reduction in offense level for acceptance of responsibility. I further understand the Court is not bound by this recommendation and that the Court makes the final decision regarding my receipt of a reduction in offense level for acceptance of responsibility.
>
>   ii. I agree that United States Sentencing Guideline, Section 3A1.4 applies due to the fact that my offense involved and was intended to promote a federal crime of terrorism.
>
>   iii. I agree that my sentence should include the statutory maximum term of supervised release.
>
> c. As part of this agreement, I agree to cooperate fully, truthfully, and candidly with the United States Attorney or his designated representatives as to my knowledge of or involvement in, any violation of federal or state law; I understand that the nature of my cooperation herein shall be defined by the United States Attorney; this cooperation may include, but not be limited to, my agreement, if requested to do so, to discuss fully, truthfully, and candidly my knowledge of all criminal activities with representatives of the United States Attorney including designated law enforcement agencies, and to testify truthfully and completely before any grand jury, and at any hearings, trials, or other judicial proceedings.
>
> d. The United States Attorney further agrees that I will not be prosecuted further by the United States Attorney's Office for the Northern District of Indiana for any violation of federal criminal law occurring in the Northern District of Indiana, the circumstances of which I disclose as part of my cooperation agreement; however, I understand that this agreement does not

       protect me in any way for committing perjury or giving false statements, nor for testifying falsely in any grand jury or judicial proceedings.

e. I understand that at the time of sentencing, the United States Attorney will advise the Court of the nature, extent and value of my cooperation. The United States may, but is not promising to, file a motion for a downward departure based upon my cooperation. I understand that the decision regarding whether to grant a departure, or the extent of any departure lies within the discretion of the Court, and that this agreement does not constitute a promise that the judge will grant a departure, that the judge will impose any particular sentence, or that the United States will file any such downward departure motion.

f. The United States Attorney and I agree that self-incriminating information I provide as part of my cooperation agreement will not be used in determining the sentencing guideline range applicable to me; I understand this agreement does not apply to information known to the government prior to my entering into my cooperation agreement, information regarding my prior record, a prosecution for perjury or giving a false statement, determining whether or to what extent a downward departure from the guidelines pursuant to a government motion is warranted, or in the event of a breach of my cooperation agreement.

g. Provided I fulfill the terms of this agreement, and do not perform any act or engage in conduct that is inconsistent with my agreement to cooperate or with my acceptance of responsibility for my conduct, the government agrees not to seek additional charges against me pertaining to my support of terrorism and terrorist organizations in June and July of 2016, or for my distribution of materials relating to explosives, poisons or weapons of mass destruction during that time period.

h. I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed. I also

6

understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offenses as set forth in this plea agreement.  With this understanding and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction and all components of my sentence or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground other than a claim of ineffective assistance of counsel, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255. I also agree to waive all rights, whether asserted directly or through a representative, to, after sentencing, request or receive from the United States any further records, reports, or documents pertaining to the investigation or prosecution of this matter; this waiver includes, but is not limited to, rights conferred by the Freedom of Information Act and the Privacy Act of 1974.

i. I expressly authorize the U.S. Attorney's Office to immediately obtain a credit report in order to evaluate my ability to satisfy any financial obligation imposed by the Court.  I agree to submit within 30 days of the filing of this plea agreement a completed financial statement to the U.S. Attorney's Office in a form it provides and as it directs.  I promise that the financial statement and disclosures will be complete, accurate and truthful, and I understand that any willful falsehood on the financial statement will be a separate crime and may be punished under 18 U.S.C. § 1001 by an additional five years' incarceration and fine.  If deemed necessary by the U.S. Attorney's Office, I agree to submit, prior to sentencing, to an examination under oath on the issue of my ability to pay restitution.  I agree to answer questions under oath in a deposition relating to my financial statement and any issues related thereto.

j. I hereby acknowledge that I accepted this Plea Agreement and decided to plead guilty because I am in fact guilty.  I acknowledge that I have received sufficient discovery to

knowingly and intelligently make that decision.   I expressly waive any right to receive any additional discovery material, including Jencks Act material, exculpatory material pursuant to Brady v. Maryland, 373 U.S. 83 (1963), or impeachment material pursuant to Giglio v. United States, 405 U.S. 150 (1972), other than information establishing my factual innocence.

8.   I am prepared to state to the Court the facts in this matter that cause me to believe I am guilty of Count 1 of the Information. This statement is attached hereto as Exhibit A.   Exhibit A is only a summary of the events and does not provide all of the details of the crimes I committed.

9.   I understand that if I violate any of the provisions of this plea agreement, including my continuing obligation to demonstrate acceptance of responsibility, the United States may at its option either (1) ask the Court to make a determination that I have breached a term in this agreement in which event I will at sentencing lose the benefit of all the non-binding promises made by the government in this agreement and I would have no right to withdraw my guilty plea, or (2) the United States could seek to have the Court declare this entire plea agreement null and void, in which event I can then be prosecuted for all criminal offenses that I may have committed.

10.   I believe and feel that my lawyer has done all that anyone could do to counsel and assist me, and that I now understand the proceedings in this case against me.

8

11.  I declare that I offer my plea of guilty freely and voluntarily and of my own accord, and no promises have been made to me other than those contained in this agreement, nor have I been threatened in any way by anyone to cause me to plead guilty in accordance with this agreement.

12.  While this document will initially be filed under seal, I understand and acknowledge that document will become a public document and available for public viewing.  I understand that I will plead guilty in an unsealed courtroom open to the public.

S/Marlonn Hicks
Marlonn Hicks
Defendant

S/Roxanne Mendez Johnson
Roxanne Mendez Johnson
Attorneys for Defendant

APPROVED:
DAVID CAPP,
United States Attorney


By:  S/Joshua P. Kolar
     Joshua P. Kolar
     Assistant U. S. Attorney


By:  S/Adam L. Small
     Adam L. Small
     Trial Attorney
     National Security Division
     Counterterrorism Section

## Exhibit A

In the Spring of 2016, I expressed a desire to travel to territory controlled by the Islamic State of Iraq and the Levant ("ISIL"), a designated Foreign Terrorist Organization. On June 17, 2016, I communicated to an individual I understood to be an ISIL supporter that I was ready to travel to ISIL controlled territory. However, I stated that "after recent events," it was most likely that I would die "here." When I referred to "recent events" I was referring to the mass casualty attack carried out by Omar Mateen at the Pulse nightclub in Orlando, Florida, which occurred just two days earlier. When I indicated that I would "most likely die here" I meant to convey my willingness to commit a similar attack in the United States. I stressed this point by indicating that I was not "trying to clean only a couple kuffar" and wanted to "do something major major without being caught." I used the Arabic term "kuffar" to mean non-believer.

On June 21, 2016, I was in the Northern District of Indiana and communicated with a separate individual I believed supported ISIL. I discussed plans to "get busy" with this individual, meaning to conduct an attack within the United States. I sent this person documents containing detailed instructions on how to make explosives and destructive devices. When I sent the instructions on explosives, I intended for the recipient to use that information in carrying out an attack in the United States using

explosives in a manner that would affect interstate or foreign commerce. I intended that attack to be carried out in the name of ISIL and in support of ISIL.