UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF INDIANA

HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO:  2:16 CR 150 |
| | ) | |
| MARLON HICKS | ) | |

**DEFENDANT'S SENTENCING MEMORANDUM**

INTRODUCTION

The defendant was arrested in this case on July 12, 2016 and has continuously remained in custody on the charges herein since that date.  On October 28, 2016 the defendant pleaded guilty pursuant to the plea agreement in this case to a one (1) count information charging a violation of 18 USC §842(p), an offense carrying a maximum sentence of imprisonment of twenty (20) years and a maximum term of supervised release of three (3) years.  Because the sentencing guideline range for conviction of this offense is far in excess of the applicable statutory maximum penalty (i.e., life imprisonment versus twenty (20) years), discussion of the guidelines in this matter is superfluous as the guideline penalty is the same as the statutory maximum under USSG §5G1.1(a).

The defendant's conduct at issue spanned a time frame of less than four (4) months, March-June of 2016.  That conduct has been fairly articulated in the pre-sentence report submitted in this case including the defendant's own written factual basis.  Simply stated, the defendant engaged in electronic communication with cooperating witnesses and/or law

enforcement agents expressing support for a denominated terrorist organization and sent written materials from the internet to said individuals which materials contravened the statute at issue.

## THE DEFENDANT'S BACKGROUND

The defendant is a thirty-one (31) year old man with less than a high school education. He is married without dependents. The circumstances of the family home were less than ideal, particularly in terms of some of the conduct by his father. His employment history has been relatively menial but fairly steady. As noted in the PSR, there is some history of substance abuse that warrants further exploration and, possibly, treatment.

The defendant's criminal history is relatively minimal with no prior felony convictions and only one offense from 2009 that impacted his criminal history category determination. Of course, in this case, due to the applicability of USSG §3A1.4(b), his criminal history category has been artificially increased to VI due solely to the nature of the offense and not his actual history.

As a young adult, the defendant embraced the religion of Islam and converted to its doctrines. From there, he began to follow some of the more radical musings of that faith and began to express to certain others some radical ideation. The culmination of these expressions, of course, led to the charge in this case. There is no evidence of any violent behavior by the defendant in any aspect of his life, prior to or during the commission of this offense.

## APPROPRIATE CONSIDERATIONS FOR SENTENCING

Applying the intent of Congress as articulated in 18 USC § 3553 that a sentence in a criminal prosecution not be greater than that necessary to achieve the sentencing objectives

articulated therein, the defendant believes that the government's request for the maximum possible term of imprisonment in this case is inappropriate given the nature of the offense and the character and circumstances of the offender.  Other than retribution, it would seem that the principle, though not exclusive, goal of sentencing here under §3553 would be deterrence of others inclined to conduct themselves in a like manner as the defendant.  It is submitted that that goal can be achieved with less than a maximum sentence.  Even considering a need to protect society together with deterrence, it is suggested that the maximum sentence for any crime should be reserved for some combination of the worst of the offenders or the worst of the offender's conduct within the parameters of the offense at issue.  Here, we have neither.  It is true that in other circumstances, something bad could have happened but it is equally true that here, nothing did.  The defense acknowledges that it is beyond risky to engage in discussions and other information sharing regarding criminal acts with others expressing like views, particularly when the true identity and persona of those others are unknown.  More than one perpetrator of any offense is often an exponentially greater risk of harm than a sole actor, though not always.

However, a fair and objective look at the actual conduct and accurate history of the defendant here does not appropriately warrant the imposition of the maximum available sentence of incarceration.  That punishment in this case is outside the bounds of propriety under §3553.

Finally, the Court is urged to give consideration to the fact that the defendant has been continuously incarcerated from July 2016 through the present as a result of the charges herein.  . Thus, for more than the last months he has been housed at the Lake County (Indiana) Jail.  This facility, still subject to terms of a federal consent order after years of judicially determined shortcomings in housing pre-trial detainees, provides no vocational training; no outdoor access;

3

no employment; no in-person contact with visitors and limited access to physical and mental health care.[1] The defendant urges the Court to not only request full credit against any sentence of incarceration imposed here for credit by the Bureau of Prisons for this period of incarceration, but to consider the circumstances and length of said incarceration in fashioning an appropriate sentence in this case.

Respectfully submitted,

s/ Scott King
Scott King, #5208-45

King, Brown & Murdaugh LLC
9211 Broadway
Merrillville, IN 46410
(219) 769-6300
FAX: (219) 769-0633
sking@kbmtriallawyers.com

CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2018 I electronically filed the foregoing DEFENDANT'S SENTENCING MEMORANDUM with the Clerk of the Court using the

---

[1] There is some irony to the fact that despite determination by the federal government that the Lake County Jail fails to meet minimal standards for housing pre-trial detainees, the same government pays it to house its own pre-trial detainees.

CM/ECF system which sent notification of such filing to all counsel of record in this matter, all of whom are CM/ECF participants.

                                                                           s/Scott King      
                                                                             Scott King