**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

United States of America

v.

Marlonn Hicks

Case No.:    2:16 CR 150 JVB

**ORDER**

Mr. Hicks is scheduled for sentencing. As part of its sentence, the Court is considering imposing the conditions of supervision listed below.

Mr. Hicks's counsel must provide this order to Mr. Hicks for his review, and must discuss it with him, before the sentencing hearing.

At sentencing, the parties will have the opportunity to object to any conditions they disagree with or to ask that they be modified.

**Proposed Conditions of Supervision**

1. Mr. Hicks may not commit another federal, state, or local crime.

2. Mr. Hicks may not unlawfully use, possess, or distribute a controlled substance.

3. Because of his drug abuse history, Mr. Hicks must submit to one drug test within 14 days of beginning his supervision and up to two drug tests per month thereafter, as determined by the probation officer.

4. Mr. Hicks must cooperate in the collection of his DNA sample as directed by the probation officer if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000.

5.  Within 72 hours of release from the custody of the Bureau of Prisons, Mr. Hicks must report between the hours of 8:00 a.m. and 4:30 p.m. to the probation office in the district to which he is released

6.  Mr. Hicks may not knowingly be outside the judicial district between the hours of 10:00 p.m. and 6:00 a.m. without the Court's or probation officer's permission. In any case, Mr. Hicks may not knowingly travel more than 50 miles outside the judicial district without the Court's or probation officer's permission. The probation office will provide Mr. Hicks a map describing the boundaries of the judicial district at the start of supervision.

7.  Mr. Hicks must report to the probation officer in the manner and frequency as reasonably directed by the probation officer. However, he may be required to report in person at the probation office only between 8:00 a.m. and 4:30 p.m. on the days the probation office is open for business.

8.  In all matters relating to his conditions of supervision, Mr. Hicks must truthfully answer the probation officer's questions. This condition does not prevent Mr. Hicks from invoking his Fifth Amendment privilege against self-incrimination.

9.  Mr. Hicks must follow the instructions of the probation officer as they relate to the conditions of supervision. Mr. Hicks may petition the Court for relief or clarification regarding a condition he believes has become unreasonable.

10. Mr. Hicks must live at a location approved by the probation officer.

11. If Mr. Hicks plans to change where he lives or anything about his living arrangements (for example, the people he lives with), he must inform the probation officer at least 14 days before the change. If informing the probation

2

officer in advance is not possible due to unexpected circumstances, Mr. Hicks

must inform the probation officer as soon as possible, and no later than 72 hours

after the change.

- This condition will allow the probation officer to be aware of changes in Mr. Hicks's residence so that the probation officer can determine whether such a change poses a risk to the community or impacts Mr. Hicks's risk and needs. Advance notice of such a change is necessary to allow time to assess the suitability of the living arrangements.

12. If Mr. Hicks plans to change where he works or anything about his work (for

example, his position or his job responsibilities), Mr. Hicks must inform the

probation officer at least 14 days before the change. If informing the probation

officer in advance is not possible due to unexpected circumstances, Mr. Hicks

must inform the probation officer within 72 hours after the change.

- The conditions listed above will be imposed to provide community protection and offender rehabilitation, and to enable the probation officer's statutory duty to keep informed concerning Mr. Hicks's conduct, conditions, and compliance.

- These conditions will enable the probation officer to: be responsible for Mr. Hicks; instruct Mr. Hicks as to the conditions of supervision specified by the sentencing Court; keep informed as to the conduct and condition of Mr. Hicks; report Mr. Hicks's conduct and condition to the sentencing Court; and aid Mr. Hicks in bringing about improvements in his conduct and condition. It also will allow the probation officer to supervise Mr. Hicks by setting boundaries for travel without permission and by keeping the probation officer informed of his whereabouts.

- The purpose of these conditions is to build positive rapport and facilitate an honest discussion between the probation officer and Mr. Hicks. Accurate and complete information about the nature and circumstances of the offense and the history and characteristics of Mr. Hicks is necessary to implement effective supervision practices. This condition will also promote the safety of the probation officer.

3

13. Mr. Hicks must notify the probation officer within 72 hours of being arrested or

questioned by a law enforcement officer.

- This condition will serve the statutory sentencing purposes of public protection and rehabilitation. It will also enable the probation officer to satisfy the statutory requirements to: keep informed as to the conduct and condition of Mr. Hicks; report Mr. Hicks's conduct and condition to the sentencing Court; and aid Mr. Hicks in bringing about improvements in his conduct and condition. Finally, it will allow the probation officer to be aware of potential criminal activity or involvement in high-risk situations by Mr. Hicks and it will assist in ensuring that he is complying with other conditions such as the prohibition on committing new crimes or associating with those involved in criminal activity.

14. Mr. Hicks must make reasonable efforts to obtain and maintain employment at a

lawful occupation unless he is excused by the probation officer for schooling,

training, or other acceptable reasons such as child care, elder care, disability, age,

or serious health condition. If, within 12 weeks of being placed on supervision,

Mr. Hicks is not employed at the rate of at least 20 hours a week, or if his

employment falls below the rate of 20 hours a week for a period of at least 12

weeks during the term of supervision, he must perform 16 hours of community

service each week in which his employment remains below 20 hours a week; or

participate in a job skills training and counseling program, daily job search, or

other employment-related activities, at his own expense. The probation officer

will supervise participation in any community service program by approving the

program (agency, location, frequency of participation, etc.). This condition will

expire after Mr. Hicks performs a total of 400 hours of community service while

on supervision.

- This condition will be imposed because employment is associated with pro-social activities that reduce the risk of recidivism and

4

provide for offender rehabilitation as indicated in the Post Conviction Risk Assessment publication by the U.S. Court's Administrative Office, also known as PCRA. Community service, performed in lieu of employment activities, is similarly associated with pro-social activities and could lead to full-time employment opportunities.

- This condition will serve as the publicly discernible penalty in probation cases or as a negative consequence for noncompliance with conditions of supervision; as a controlling strategy that requires Mr. Hicks to be productively occupied; or as a correctional strategy that provides a way for Mr. Hicks to acquire job readiness skills and job experience or broaden his network of associates in a more productive direction. In addition to the specific sentencing purpose to be served, the desired by-product of community service is always to benefit the community.

15. Mr. Hicks may not own or possess a firearm, ammunition, destructive device, or any other dangerous weapon. A dangerous weapon is an instrument that is specially designed as a weapon.

- Mr. Hicks is a convicted felon and prohibited from possessing a firearm, ammunition, or destructive device. Mr. Hicks must also be prohibited from possessing a dangerous weapon to protect the community and for officer safety.

16. Mr. Hicks may not knowingly and intentionally be in the presence of anyone who is illegally using or distributing a controlled substance, and if such activity commences when he is present, he must immediately leave the location. Mr. Hicks may not knowingly and intentionally visit places where illegal controlled substances are distributed or used.

- This condition will be imposed because visiting places where illegal controlled substances are used or distributed increases the risk that the offender will purchase, use, or possess such substances. This condition supports Mr. Hicks's rehabilitation and public safety.

- This condition will also prevent Mr. Hicks from being in an environment where crimes are occurring, antisocial associates are present, or there is an increased risk of substance abuse.

5

17. Mr. Hicks may not knowingly meet, communicate, or otherwise interact with a person whom he knows to be engaged, or planning to be engaged, in criminal activity.

   - This condition will be imposed because the PCRA indicates that association with peers involved in criminal activity increases the risk of recidivism. This condition also promotes and encourages pro-social relationships that are conducive to a law-abiding lifestyle.

   - Between the hours of 8:00 a.m. and 9:00 p.m., Mr. Hicks must permit a probation officer to visit him at home or any other reasonable location and must permit confiscation of any contraband observed in plain view by the probation officer. A visit between the hours of 9:00 p.m. and 8:00 a.m. may be conducted only when the probation officer has a reasonable belief that Mr. Hicks has violated a condition of supervision and that a visit during those hours would reveal information or contraband that would not be revealed by a visit at any other time. This condition will be imposed because the probation officer's contacts with Mr. Hicks help the officer to ensure compliance with Court-ordered conditions and to assist Mr. Hicks in maintaining a law-abiding lifestyle.

18. If any portion of the special assessment of $100 remains unpaid when Mr. Hicks is released from prison, he must pay it within 12 weeks of his release, or, if financially unable to fulfill this requirement, he must arrange a payment schedule with the probation office.

19. Unless an assessment at the time of release from imprisonment or commencement of probation indicates that participation is not necessary, Mr. Hicks must participate in a drug abuse treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise his participation in the program (provider, location, modality, duration, intensity, etc.). Mr. Hicks must pay the costs of the program if

financially able. Mr. Hicks must also submit to random blood-alcohol or breathalyzer testing. Mr. Hicks must pay the costs of this testing if financially able to do so.

- Mr. Hicks has a history of drug abuse/alcohol abuse. This condition is imposed to provide defendant with available treatment services to reduce the risk of recidivism, to provide defendant rehabilitation, and to provide public protection. [Provide a detailed explanation why the above condition is being imposed.]

- Social science research has shown that substance abuse will tend to draw Mr. Hicks to antisocial others, expose him to antisocial attitudes, interfere with prosocial relationships, hamper success at employment, and lead to impulsive decision making. Drug testing will deter Mr. Hicks from possessing illegal drugs by making him cognizant that unlawful possession can be discovered at any time through drug testing, will protect the public by enhancing the ability of the probation officer to detect unlawful substances and by assisting with substance abuse treatment, and will assist with substance abuse treatment by providing a barometer for change.

20. If the probation officer determines Mr. Hicks poses a risk to another person (including an organization or members of the community), the probation officer may require Mr. Hicks to tell the person about the risk, and Mr. Hicks must comply with that instruction. Such notification may include advising the person about Mr. Hicks's record of arrests and convictions and substance abuse. The probation officer may contact the person to confirm that Mr. Hicks told the person about the risk.

**SO ORDERD** on June 6, 2018.

  s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE