UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No.   2:16 CR 150 JVB |
| | ) | |
| MARLONN HICKS | ) | |

### RESPONSE TO DEFENDANT'S SUPPLEMENTAL SENTENCING MEMORANUDUM

The United States of America, by its attorney, Thomas L. Kirsch II, United States Attorney for the Northern District of Indiana, through Assistant United States Attorney Joshua P. Kolar, respectfully submits the following Supplemental Sentencing Memorandum and Response to the Defendant's Supplemental Sentencing Memorandum.

As the Defendant's Supplemental Sentencing Memorandum (Docket Entry 56) demonstrates, the unique facts of cases charging violations of Title 18, United States Code, Section 842(p)(2) ("§ 842(p)") (distributing information on the manufacture or use of an explosive or destructive device) result in significant, although somewhat varied, sentences.  In addition to the cases cited by the Defendant, the government notes that in all candor violations of Title 18, United States Code, Section 2339B ("§2339B") (material support to a

terrorist organization) and other assorted code sections raise many of the same sentencing factors as violations of §842(p).

A recent unpublished opinion in *United States v. Jumaev* provides a useful summary of sentencings in cases involving terrorism allegations. Cause Number: 12-CR-33, 2018 WL 3490886, (D.C. Colo., July 18, 2018) (Case Appendix listing recent sentencings in terrorism cases). In reviewing an exhaustive list of sentencings in terrorism matters, the *Jumaev* court looked to those cases that involved financial contributions. *Id. at* *17 ("The following material support cases are similar to this case in that they all involve financial contributions. . .") The *Jumaev* court ultimately imposed a sentence of time served.

The *Jumaev* court rejects many of the government's arguments in the present case. However, during the July 16, 2018 sentencing hearing, the Court asked for a summary of sentencings in terrorism cases and that is exactly what *Jumaev* provides. Looking to sentencings in §842(p) cases, or the arguably factually analogous §2339B sentencings, is a useful and necessary part of fashioning a sentence for the Defendant. Title 18, United States Code, Section 3553(a) calls for such a review. Nevertheless, focusing narrowly upon *Jumaev* and the cases upon which it relies would risk equating financial support with the Defendant's active planning of an act of terrorism in the United States.

For the reasons set forth in the government's Sentencing Memorandum (Docket Entry 27), the Defendant's actions in planning an act, or acts, or terrorism created a threat to public safety that calls for a significant sentence.

Respectfully submitted,

                        Thomas L. Kirsch II
                        UNITED STATES ATTORNEY

      BY:   /s/Joshua P. Kolar
              Joshua P. Kolar
              Assistant United States Attorney

# **CERTIFICATE OF SERVICE**

      I hereby certify that on August 13, 2018, I filed the above caption RESPONSE TO DEFENDANT'S SUPPLEMENTAL SENTENCING MEMORANUDUM through electronic process, with a service copy emailed to the following:

Scott L. King


Respectfully submitted,


/s/Joshua P. Kolar

Joshua P. Kolar
Assistant United States Attorney