**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> Plaintiff, <br><br> vs. <br><br> **MARLONN HICKS** <br><br> Defendant. | **CASE NUMBER: 2:16CR150-001** <br> **USM Number: 16502-027** <br><br> **SCOTT L KING** <br> **DEFENDANT'S ATTORNEY** |

## JUDGMENT IN A CRIMINAL CASE

**THE DEFENDANT** pleaded guilty to count 1 of the Information on March 15, 2017.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense:

| Title, Section & Nature of Offense | Date Offense Ended | Count Number(s) |
|---|---|---|
| 18:842(p)(2)(A) DISTRIBUTION OF INFORMATION PERTAINING TO THE MANUFACTURE OR USE OF A DESTRUCTIVE DEVICE WITH INTENT THAT INFORMATION BE USED FOR AN ACTIVITY THAT CONSTITUTES A FEDERAL CRIME OF VIOLENCE | June 21, 2016 | 1 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS ORDERED** that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in economic circumstances.

August 20, 2018
Date of Imposition of Judgment

s/ Joseph S. Van Bokkelen
Signature of Judge

Joseph S. Van Bokkelen, United States District Judge
Name and Title of Judge

August 24, 2018
Date

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **180 months.**

The Court makes the following recommendations to the Bureau of Prisons:

    That the defendant be incarcerated in a federal facility as close to the Chicagoland area as possible.

    Defendant be given credit for time served awaiting sentencing on this charge.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

    Defendant delivered _____ to _____ at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
    DEPUTY UNITED STATES MARSHAL

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years.**

## CONDITIONS OF SUPERVISION

While on supervision, the defendant shall comply with the following conditions:

1. Mr. Hicks may not commit another federal, state, or local crime.

2. Mr. Hicks may not unlawfully use, possess, or distribute a controlled substance.

3. Because of his drug abuse history, Mr. Hicks must submit to one drug test within 14 days of beginning his supervision and up to two drug tests per month thereafter, as determined by the probation officer.

4. Mr. Hicks must cooperate in the collection of his DNA sample as directed by the probation officer if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000.

5. Within 72 hours of release from the custody of the Bureau of Prisons, Mr. Hicks must report between the hours of 8:00 a.m. and 4:30 p.m. to the probation office in the district to which he is released

6. Mr. Hicks may not knowingly be outside the judicial district between the hours of 10:00 p.m. and 6:00 a.m. without the Court's or probation officer's permission. In any case, Mr. Hicks may not knowingly travel more than 50 miles outside the judicial district without the Court's or probation officer's permission. The probation office will provide Mr. Hicks a map describing the boundaries of the judicial district at the start of supervision.

7. Mr. Hicks must report to the probation officer in the manner and frequency as reasonably directed by the probation officer. However, he may be required to report in person at the probation office only between 8:00 a.m. and 4:30 p.m. on the days the probation office is open for business.

8. In all matters relating to his conditions of supervision, Mr. Hicks must truthfully answer the probation officer's questions. This condition does not prevent Mr. Hicks from invoking his Fifth Amendment privilege against self-incrimination.

9. Mr. Hicks must follow the instructions of the probation officer as they relate to the conditions of supervision. Mr. Hicks may petition the Court for relief or clarification regarding a condition he believes has become unreasonable.

10. Mr. Hicks must live at a location approved by the probation officer.

11. If Mr. Hicks plans to change where he lives or anything about his living arrangements (for example, the people he lives with), he must inform the probation officer at least 14 days before the change. If informing the probation officer in advance is not possible due to unexpected circumstances, Mr. Hicks must inform the probation officer as soon as possible, and no later than 72 hours after the change.

12. If Mr. Hicks plans to change where he works or anything about his work (for example, his position or his job responsibilities), Mr. Hicks must inform the probation officer at least 14 days before the change. If informing the probation officer in advance is not possible due to unexpected circumstances, Mr. Hicks must inform the probation officer within 72 hours after the change.

13. Mr. Hicks must notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer.

14. Mr. Hicks must make reasonable efforts to obtain and maintain employment at a lawful occupation unless he is excused by the probation officer for schooling, training, or other acceptable reasons such as child care, elder care, disability, age, or serious health condition. If, within 12 weeks of being placed on supervision, Mr. Hicks is not employed at the rate of at least 20 hours a week, or if his employment falls below the rate of 20 hours a week for a period of at least 12 weeks during the term of supervision, he must perform 16 hours of community service each week in which his employment remains below 20 hours a week; or participate in a job skills training and counseling program, daily job search, or other employment-related activities, at his own expense. The probation officer will supervise participation in any community service program by approving the program (agency, location, frequency of participation, etc.). This condition will expire after Mr. Hicks performs a total of 400 hours of community service while on supervision.

15. Mr. Hicks may not own or possess a firearm, ammunition, destructive device, or any other dangerous weapon. A dangerous weapon is an instrument that is specially designed as a weapon.

16. Mr. Hicks may not knowingly and intentionally be in the presence of anyone who is illegally using or distributing a controlled substance, and if such activity commences when he is present, he must immediately leave the location. Mr. Hicks may not knowingly and intentionally visit places where illegal controlled substances are distributed or used.

17. Mr. Hicks may not knowingly meet, communicate, or otherwise interact with a person whom he knows to be engaged, or planning to be engaged, in criminal activity.

18. If any portion of the special assessment of $100 remains unpaid when Mr. Hicks is released from prison, he must pay it within 12 weeks of his release, or, if financially unable to fulfill this requirement, he must arrange a payment schedule with the probation office.

19. Unless an assessment at the time of release from imprisonment or commencement of probation indicates that participation is not necessary, Mr. Hicks must participate in a drug abuse treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise his participation in the program (provider, location, modality, duration, intensity, etc.). Mr. Hicks must pay the costs of the program if

20. If the probation officer determines Mr. Hicks poses a risk to another person (including an organization or members of the community), the probation officer may require Mr. Hicks to tell the person about the risk, and Mr. Hicks must comply with that instruction. Such notification may include advising the person about Mr. Hicks's record of arrests and convictions and substance abuse. The probation officer may contact the person to confirm that Mr. Hicks told the person about the risk.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $100 | NONE | NONE |

The defendant shall make the special assessment payment payable to Clerk, U.S. District Court, 5400 Federal Plaza, Suite 2300, Hammond, IN 46320. The special assessment payment shall be due immediately.

## FINE

No fine imposed.

## RESTITUTION

No restitution imposed.

Name: <u>MARLONN HICKS</u>
Docket No.: <u>2:16CR150-001</u>

# ACKNOWLEDGMENT OF SUPERVISION CONDITIONS

    Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

    I have reviewed the Judgment and Commitment Order in my case and the supervision conditions therein. These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed)

_____    _____
Defendant    Date


_____    _____
U.S. Probation Officer/Designated Witness    Date